STATE *vs.* MARION BARANSKI.

Penobscot.    Opinion January 21, 1929.

*George F. Eaton,* County Attorney, for the State.
*George E. Thompson,*
*Benjamin W. Blanchard,* for respondent.

SITTING: WILSON, C. J., DEASY, STURGIS, BARNES, BASSETT, JJ., PHILBROOK, A. R. J.

WILSON, C. J. The respondent was indicted for keeping and maintaining a place of resort where intoxicating liquors were kept, sold, given away, drunk, and dispensed, or in other words a common nuisance.

In the course of the evidence a state's witness, a deputy sheriff, was asked to describe what took place on one of the visits of the officers to the house in question, which it appeared was the respondent's dwelling house, where he lived with a housekeeper, but at a time when the respondent was absent. Objection was made. The testimony was admitted and exceptions reserved.

A similar objection was taken to the admission of testimony by another witness to the effect that on this visit a half-pint bottle containing liquor was found in a cupboard and in a bed a bottle described as a "Moxie" bottle three-fourths full of alcohol, and that two men were in the house who were under the influence of liquor.

In the course of the judge's charge, he instructed the jury that from the fact that on another visit by the officers the housekeeper spilled some liquor from two bottles the jury might find that the contents of the bottle was intoxicating liquor and intended for sale. To this instruction the respondent's counsel took exceptions. The case is before this Court on these exceptions.

Although the evidence is made a part of the bill of exceptions, no statement of what the testimony of the officers was that was admitted subject to the exceptions appears in the bill of exceptions, except as the Court searches through the entire testimony in the case to find it.

From the evidence, however, it is clear that there is no merit in either of the exceptions.

The ground of the respondent's objection to the admission of the testimony of the officers was because the respondent was not present on that visit. But the record is replete with testimony to the effect that it was his dwelling house, that it was a place of resort in which numerous men on other occasions had been found by the officers or seen leaving in various stages of intoxication and when both the respondent and his housekeeper were present, and that on the occasion when the housekeeper spilled a liquid from bottles, the respondent was present and attempted to prevent the officers from interfering with her in the act, that at the time there was the odor of alcohol on her clothing and the officer sopped up some of the spilled liquid with his handkerchief which also smelled strongly of alcohol.

Under such circumstances and with such evidence before the jury by no possibility could the evidence admitted to which the respondent objected have prejudiced him and was clearly admissible under the facts shown as bearing on the question of whether it was a place of resort where intoxicating liquor was sold, drank, or dispensed.

So, too, the instruction in the light of the testimony was obviously proper. Not only could the jury have properly found it

was intoxicating liquor and intended for sale from the fact of its being spilled under the circumstances shown, but the other evidence in the case clearly warranted such a conclusion.

*Exceptions overruled.*
*Judgment for the State.*